Brian W. Brokate (BB 5830)
John Macaluso (JM 2058)
Walter-Michael Lee (WL 6353)
Maja Szumarska (MS 0208)
Gibney, Anthony & Flaherty, LLP
665 Fifth Avenue
New York, New York 10022
Telephone: (212) 688-5151
Facsimile: (212) 688-8315
Attorney for Plaintiff

**14 CV     8973**

**JUDGE SWEET**

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

|  |  |
|---|---|
| ROLEX WATCH U.S.A., INC., <br><br> Plaintiff, <br><br> v. <br><br> ARMEN HOVANISSIAN, both individually and d/b/a, PLATINUM AFFORDABLE LUXURY d/b/a PLATINUMAFFORDABLELUXURY.COM and "JOHN DOES" 1-10, <br><br> Defendants. | CASE NO. <br><br><br> **COMPLAINT** |

Plaintiff Rolex Watch U.S.A., Inc. ("Rolex") through its attorneys, complaining of defendants Armen Hovanissian d/b/a "Platinum Affordable Luxury" d/b/a platinumaffordableluxury.com and "John Does" 1-10 (hereinafter collectively referred to as "Defendants") hereby alleges as follows:

## STATEMENT OF THE CASE

1.      This is a suit by Rolex against Defendants for injunctive relief, statutory damages, treble damages and/or profits, compensatory damages, pre-judgment interest, attorneys' fees, investigators' fees and costs for trademark counterfeiting and trademark infringement.

1

Defendants are being sued by Rolex as a result of Defendants' sale, offers for sale, distribution, promotion and advertisement of merchandise bearing counterfeits and infringements of Rolex's federally registered trademarks.

## JURISDICTION AND VENUE

2.     This Court has jurisdiction over the federal trademark claims asserted in this action under 15 U.S.C. § 1121, and 28 U.S.C. § 1331 and 28 U.S.C. § 1338.

3.     Defendants are subject to the Court's jurisdiction because they have committed the acts complained of herein in this District and do business in this District.

4.     Venue in this District is proper pursuant to 28 U.S.C. §§ 1391(b) because a substantial part of the events giving rise to the claims occurred in this District.

## THE PARTIES

5.     Rolex is a corporation duly organized and existing under the laws of the State of New York, having an office and principal place of business at 665 Fifth Avenue, New York, New York, 10022.

6.     Upon information and belief, Armen Hovanissian ("Hovanissian") is a resident of the State of California residing at 6515 Woodman Avenue, Apt. 10, Van Nuys, CA 91401-1624.

7.     Upon information and belief, Hovanissian does business under the name "Platinum Affordable Luxury"  "Platinum Affordable Luxury" is a fictitious business name that is not registered to do business in California or in any other State.

8.     The identities of "John Does" 1-10 are not currently known to Rolex, but, upon information and belief, they are associated with Defendants and materially contribute to its infringement of Rolex's rights. Rolex will identify these John Does upon further knowledge and investigation and will amend its pleadings accordingly.

## FACTUAL ALLEGATIONS

### A. Rolex's Famous Products and Trademarks

9.     Rolex is the exclusive distributor and warrantor in the United States of Rolex watches, all of which bear one or more of the Rolex Registered Trademarks as defined below.

10.     Rolex watches are identified by the trade name and trademark ROLEX and one or more of the Rolex Registered Trademarks.

11.     Rolex is responsible for assembling, finishing, marketing and selling in interstate commerce high quality Rolex watches, watch bracelets and related products for men and women (hereinafter referred to as "Rolex Watches").

12.     Rolex is responsible for maintaining control over the quality of Rolex products and services in this country.

13.     Rolex has developed an outstanding reputation because of the uniform high quality of Rolex Watches and the Rolex Registered Trademarks are distinctive marks used to identify these high quality products originating with Rolex.

14.     Rolex owns numerous trademarks, including, but not limited to, the trademarks and trade names ROLEX, PRESIDENT, CROWN DEVICE (design), DATEJUST, SEA-DWELLER, OYSTER, OYSTER PERPETUAL,

15.     GMT-MASTER, YACHT-MASTER, SUBMARINER, ROLEX DAYTONA, DAYTONA, EXPLORER II, TURN-O-GRAPH and GMT-MASTER II.

16.     Rolex is the owner of, including but not limited to, the following federal trademark registrations in the U.S. Patent and Trademark Office:

| Trademark | Reg. No. | Reg. Date | Goods |
|---|---|---|---|
| ♔ CROWN DEVICE | 657,756 | 1/28/58 | Timepieces of all kinds and parts thereof. |
| DATEJUST | 674,177 | 2/17/59 | Timepieces and parts thereof. |

| Trademark | Reg. No. | Reg. Date | Goods |
|---|---|---|---|
| DAY-DATE | 831,652 | 7/4/67 | Wrist watches. |
| DAYTONA | 2,331,145 | 3/21/00 | Watches. |
| EXPLORER | 2,518,894 | 12/18/01 | Watches. |
| EXPLORER II | 2,445,357 | 4/24/01 | Watches. |
| GMT-MASTER | 683,249 | 8/11/59 | Watches. |
| GMT-MASTER II | 2,985,308 | 8/16/05 | Watches and parts thereof. |
| OYSTER | 239,383 | 3/6/28 | Watches, movements, cases, dials, and other parts of watches. |
| OYSTER PERPETUAL | 1,105,602 | 11/7/78 | Watches and parts thereof. |
| PRESIDENT | 520,309 | 1/24/50 | Wristbands and bracelets for watches made wholly or in part or plated with precious metals, sold separately from watches. |
| ROLEX | 101,819 | 1/12/15 | Watches, clocks, parts of watches and clocks, and their cases. |
| ROLEX DAYTONA | 1,960,768 | 3/5/96 | Watches. |
| ROLEX DEEP SEA | 3,703,603 | 10/27/09 | Watches. |
| SEA-DWELLER | 860,527 | 11/19/68 | Watches, clocks and parts thereof. |
| SUBMARINER | 1,782,604 | 7/20/93 | Watches. |
| TURN-O-GRAPH | 2,950,028 | 5/10/05 | Watches and parts thereof. |
| YACHT-MASTER | 1,749,374 | 1/26/93 | Watches. |

Correct and true copies of Rolex's federal trademark registrations (hereinafter collectively referred to as the "Rolex Registered Trademarks") are attached hereto as **Exhibit 1**.

17.    The Rolex Registered Trademarks are arbitrary and fanciful and are entitled to the highest level of protection afforded by law.

18.    Rolex and its predecessors have used the Rolex Registered Trademarks for many years on and in connection with Rolex Watches and related products.

19.    Based on Rolex's extensive advertising, sales and the wide popularity of Rolex products, the Rolex Registered Trademarks are now famous and have been famous since well prior to the activities of the Defendants complained of herein.  Rolex Registered Trademarks have acquired secondary meaning so that any product or advertisement bearing such marks is

immediately associated by consumers, the public and the trade as being a product or affiliate of Rolex.

     20.    Rolex has gone to great lengths to protect its name and enforce the Rolex Registered Trademarks.

     21.    The Rolex Registered Trademarks are valid and subsisting and in full force and effect and have become incontestable pursuant to 15 U.S.C. § 1065.

**B.  Defendants' Counterfeiting and Infringing Activities**

     22.    Rolex hereby incorporates all prior allegations by reference.

     23.    Upon information and belief, long after Rolex's adoption and use of the Rolex Registered Trademarks on its products and after Rolex's federal registration of the Rolex Registered Trademarks, Defendants began selling, offering for sale, distributing, promoting and advertising in interstate commerce, through the Internet, through e-mail and in person, merchandise bearing counterfeits and infringements of the Rolex Registered Trademarks as those marks appear on Rolex's products and as shown in the Rolex Registered Trademarks attached hereto as **Exhibit 1**.

     24.    On or about July 15, 2014, Rolex discovered that Defendants were offering, promoting, distributing, offering for sale and selling watches bearing counterfeits and infringements of the Rolex Registered Trademarks through the website, www.craigslist.org ("Craigslist"). Defendants listed the infringing watches as "SWISS REPLICA ROLEXES" at $450 per watch, far below the retail price of Rolex Watches ("Craigslist Listings"). The description provided:

               Swiss Automatic Movement
               Exact Weight as Genuine
               Exact Colors and Details as Genuine
               Exact Stampings and Sapphire Crystal Glass as Genuine

> Sweeping Second Hand just like Genuine…Does not tick tick
> Looks just like you are wearing the real thing.  100% High Quality.
>
> Call or Text: 424 226 8472

A sample of the Craigslist Listings are attached hereto as **Exhibit 2** and incorporated herein by reference.

25.    Rolex forwarded the Craigslist Listings to its private investigator located in California ("CA Investigator").

26.    On or about July 15, 2014, the CA Investigator placed a telephone call to (424) 226-8472, the number provided on the Craigslist Listings, in order to purchase an infringing watch and spoke with a person that identified himself as "Leo."

27.    "Leo" directed the CA Investigator to access the following website: www.platinumafforableluxury.com ("PAL Website") in order to purchase a counterfeit watch.

28.    The CA Investigator was instructed to pay for a watch ($450) through a PayPal, Inc. ("PayPal") account, premieronlinebusiness2014@gmail.com.    Subsequently, the CA Investigator made such a payment.

29.    On or about August 6, 2014, the CA Investigator received a package containing the purchased watch ("Infringing Watch 1").   There was no return address on the package. Defendants are trying to conceal their true address which evidences that their infringement of the Rolex Registered Trademarks is willful.

30.    In addition, the Defendants include a "Free Gift Box Set Per Watch" with each order. A sample photograph of the "Gift Box Set" is seen below:



31.    Rolex's representative examined Infringing Watch 1 and determined that it bears counterfeits and infringements of the Rolex Registered Trademarks.  Infringing Watch 1 bears several counterfeits and infringements of the Rolex Registered Trademarks.

32.    Defendants are offering, promoting, distributing, offering for sale and selling numerous watches bearing counterfeits and infringements of the Rolex Registered Trademarks on the PAL Website.  The watches are listed for sale for $449, far below the retail price of Rolex Watches ("PAL Listings").  These watches were advertised as follows:

> All of our Swiss Rolex Watches are made the highest quality in the market. No other company can compare. Our watches are the only replicas that can be compared side by side with a genuine. Check out our reviews and see for yourself why customers choose us. Why pay thousands of dollars for a genuine, when you can get an exact copy for fraction of the cost.

A sample of the PAL Listings are attached hereto as **Exhibit 3** and incorporated herein by reference.

33.    Defendants are selling many brands and types of counterfeit merchandise through the PAL Website and are doing significant business distributing their illegal merchandise.

Defendants' customers are able to post reviews regarding their on the PAL Website.   One customer boasted, "Wow I must say I am amazed at the quality. It truly looks like real."   Another customer raved, "This is my second time purchasing a watch from this website because I really enjoyed the first one that I bought. I truly would rate this site a 10 out of 10 because of the entire products and services they provide."

34.     Defendants are gaining significant income through their distribution of watches bearing counterfeits and infringements of the Rolex Registered Trademarks.

35.     On or about August 14, 2014, Rolex's investigator located in New York ("NY Investigator") placed an order for one (1) counterfeit Day-Date Presidential Stainless Steel Watch ($449)

36.     The NY Investigator was instructed to issue payment to Defendants through their PayPal, Inc. ("PayPal") account, alh1333@hotmail.com.   Subsequently, the NY Investigator issued such payment.

37.     Shortly thereafter, through payment services provided by PayPal, Defendants issued an invoice to the NY Investigator for the purchase.   Defendants advised Rolex's investigator that he should receive the watch on August 29, 2014.

38.     On or about September 29, 2014, Defendants advised the NY Investigator that the purchased watch was lost in shipping.

39.     On or about October 9, 2014, Rolex's investigator received the purchased watch ("Infringing Watch 2").   Photographs of Infringing Watch 2 are attached hereto as **Exhibit 4** and incorporated herein by reference.

40.    The return address on the package containing Infringing Watch 2 only states "P.A.L" Defendants are trying to conceal their true address which evidences that their infringement of the Rolex Registered Trademarks is willful.

41.    Rolex's representative has examined Infringing Watch 2 and determined that it bears counterfeits and infringements of the Rolex Registered Trademarks.  Infringing Watch 2 bears several counterfeits and infringements of the Rolex Registered Trademarks.

42.    Despite having knowledge that the watches were replicas, Defendants offered for sale and sold watches bearing counterfeits of the Rolex Registered Trademarks. Defendants' conduct is clearly willful.

43.    Defendants have published and placed into circulation of the general public advertisements that infringe Rolex's intellectual property rights and caused other damages not relating to the infringement.

44.    To date, the PAL Website remains active and Defendants continue to willfully infringe the Rolex Registered Trademarks.

**C. Summary of Defendants' Illegal Activities**

45.    Defendants intentionally, maliciously and willfully sold, offered for sale, distributed, promoted and advertised watches bearing counterfeits of one or more of the Rolex Registered Trademarks, despite knowledge that such sales were illegal.

46.    Defendants' acts were calculated to confuse and to deceive the public and are performed with full knowledge of Rolex's rights.

47.    Defendants are not now, nor have they ever been, associated, affiliated, connected with, endorsed or sanctioned by Rolex.

48. Rolex has never authorized or consented in any way to the use by Defendants of the Rolex Registered Trademarks or marks confusingly similar thereto.

49. Defendants' use of the Rolex Registered Trademarks or marks substantially indistinguishable and/or confusingly similar thereto in connection with Defendants' products is likely to cause consumers, the public and the trade to erroneously believe that the products provided by Defendants emanate or originate from Rolex, and/or that said products are authorized, sponsored, or approved by Rolex, even though they are not. This confusion causes irreparable harm to Rolex and weakens and dilutes the distinctive quality of the Rolex Registered Trademarks.

50. By using counterfeits and infringements of the Rolex Registered Trademarks on their goods, Defendants are trading on the goodwill and reputation of Rolex and creating the false impression that Defendants' goods are affiliated with Rolex.

51. Defendants have been unjustly enriched by illegally using and misappropriating Rolex's intellectual property for their own financial gain. Furthermore, Defendants have unfairly benefited and profited from Rolex's outstanding reputation for high quality products and its significant advertising and promotion of Rolex watches and the Rolex Registered Trademarks.

52. Defendants have disparaged Rolex, its Rolex Registered Trademarks and its products by creating a false association with Rolex, its genuine goods and its Rolex Registered Trademarks.

53. Rolex has no control over the nature and quality of the products sold by Defendants, which bear counterfeits and infringements of the Rolex Registered Trademarks.

54. Among other things, Defendants' promotion, advertisement and provision of its goods have and will reflect adversely on Rolex as the believed source of origin thereof; hamper

continuing efforts by Rolex to protect its outstanding reputation for high quality, originality and distinctive goods; and tarnish the goodwill and demand for genuine Rolex watches and products.

55.     Upon information and belief, Defendants have acted with reckless disregard for Rolex's rights and/or was willfully blind in connection with unlawful activities.    Upon information and belief, Defendants have willfully and maliciously engaged in infringing activities.  Therefore, this case constitutes an exceptional case under 15 U.S.C. § 1117(a).

56.     Rolex has suffered irreparable harm and damages as a result of Defendants' conduct.  The injuries and damages sustained by Rolex have been directly and proximately caused by the Defendants' wrongful advertisement, promotion, distribution, sale and offers of sale of their goods bearing counterfeits and/or infringements of the Rolex Registered Trademarks.

57.     Rolex has no adequate remedy at law.

58.     Defendants' wrongful acts will continue unless enjoined by the Court. Accordingly, Defendants must be restrained and enjoined from any further counterfeiting or infringement of the Rolex Registered Trademarks.

### FIRST CLAIM FOR RELIEF
**(Trademark Counterfeiting, 15 U.S.C. § 1114)**

59.     Rolex hereby incorporates by reference all prior allegations as though fully set forth herein.

60.     Defendants have used spurious designations that are identical with, or substantially indistinguishable from, the Rolex Registered Trademarks on goods covered by registrations for the Rolex Registered Trademarks.

61.     Defendants have intentionally used these spurious designations, knowing they are counterfeit, in connection with the advertisement, promotion, sale, offering for sale and distribution of goods.

62.     Defendants' use of the Rolex Registered Trademarks to advertise, promote, offer for sale, distribute and sell watches bearing counterfeits was and is without the consent of Rolex.

63.     Defendants' unauthorized use of the Rolex Registered Trademarks on and in connection with their advertisement, promotion, sale, offering for sale and distribution of watches in person, through e-mail and through the Internet constitutes Defendants' use of the Rolex Registered Trademarks in commerce.

64.     Defendants' unauthorized use of the Rolex Registered Trademarks as set forth above is likely to:

(a)     cause confusion, mistake and deception;

(b)     cause the public to believe that their watches are the same as Rolex's watches and/or that they are authorized, sponsored or approved by Rolex or that they are affiliated, connected or associated with or in some way related to Rolex; and

(c)     result in Defendants unfairly benefiting from Rolex's advertising and promotion and profiting from the reputation of Rolex and its Rolex Registered Trademarks all to the substantial and irreparable injury of the public, Rolex and the Rolex Registered Trademarks and the substantial goodwill represented thereby.

65.     Defendants' acts constitute willful trademark counterfeiting in violation of Section 32 of the Lanham Act, 15 U.S.C. § 1114.

66.     By reason of the foregoing, Defendants are liable to Rolex for: (a) statutory damages in the amount of up to $2,000,000 for each mark counterfeited as provided by 15

U.S.C. § 1117(c) of the Lanham Act, or, at Rolex's election, an amount representing three (3) times Rolex's damages and/or Defendants' illicit profits; and (b) reasonable attorneys' fees, investigative fees and pre-judgment interest pursuant to 15 U.S.C. § 1117(b).

**SECOND CLAIM FOR RELIEF**
**Trademark Infringement (15 U.S.C. § 1114)**

67.   Rolex hereby incorporates by reference all prior allegations as though fully set forth herein.

68.   Based on Rolex's extensive advertising under the Rolex Registered Trademarks, its extensive sales and the wide popularity of Rolex Watches, the Rolex Registered Trademarks have acquired a secondary meaning so that any product and advertisement bearing such trademarks is immediately associated by purchasers and the public as being a product and affiliate of Rolex.

69.   Defendants' activities constitute Defendants' use in commerce of the Rolex Registered Trademarks.  Defendants used the Rolex Registered Trademarks in connection with Defendants' sale, offers of sale, distribution, promotion and advertisement of their goods bearing infringements and/or counterfeits of the Rolex Registered Trademarks.

70.   Defendants have used the Rolex Registered Trademarks, knowing they are the exclusive property of Rolex, in connection with the sale, offers for sale, distribution, promotion and advertisement of their goods bearing counterfeits or infringements of the Rolex Registered Trademarks.

71.   Defendants' activities create the false and misleading impression that Defendants are sanctioned, assigned or authorized by Rolex to use the Rolex Registered Trademarks to advertise, manufacture, distribute, appraise, offer for sale or sell watches bearing the Rolex Registered Trademarks when Defendants are not so authorized.

72.     Defendants engage in the aforementioned activity with the intent to confuse and deceive the public into believing that they and the watches they sell are in some way sponsored, affiliated or associated with Rolex, when in fact they are not.

73.     Defendants' use of the Rolex Registered Trademarks has been without the consent of Rolex, is likely to cause confusion and mistake in the minds of the public and, in particular, tends to and does falsely create the impression that the goods advertised, promoted, distributed and sold by Defendants are warranted, authorized, sponsored or approved by Rolex when, in fact, they are not.

74.     Defendants' unauthorized use of the Rolex Registered Trademarks has resulted in Defendants unfairly benefiting from Rolex's advertising and promotion, and profiting from the reputation of Rolex and the Rolex Registered Trademarks, to the substantial and irreparable injury of the public, Rolex and the Rolex Registered Trademarks and the substantial goodwill represented thereby.

75.     Defendants' acts constitute willful trademark infringement in violation of Section 32 of the Lanham Act, 15 U.S.C. § 1114.

76.     By reason of the foregoing, Defendants are liable to Rolex for: (a) an amount representing three (3) times Rolex's damage and/or their illicit profits; and (b) reasonable attorney's fees, investigative fees and pre-judgment interest pursuant to 15 U.S.C. § 1117.

## PRAYER FOR RELIEF

**WHEREFORE**, Rolex respectfully requests that the Court order the following relief:

I.      That the Court enter an injunction ordering that Defendants, their agents, servants, employees, and all other persons in privity or acting in concert with them be enjoined and restrained from:

(a)      using any reproduction, counterfeit, copy, or colorable imitation of the Rolex Registered Trademarks to identify any goods or the rendering of any services not authorized by Rolex;

(b)      engaging in any course of conduct likely to cause confusion, deception or mistake, or injure Rolex's business reputation or weaken the distinctive quality of the Rolex Registered Trademarks, Rolex's name, reputation or goodwill;

(c)      using a false description or representation including words or other symbols tending to falsely describe or represent their unauthorized goods as being those of Rolex or sponsored by or associated with Rolex and from offering such goods in commerce;

(d)      further infringing or diluting the Rolex Registered Trademarks by manufacturing, producing, distributing, circulating, selling, marketing, offering for sale, advertising, promoting, displaying or otherwise disposing of any products not authorized by Rolex bearing any simulation, reproduction, counterfeit, copy or colorable imitation of the Rolex Registered Trademarks;

(e)      using any simulation, reproduction, counterfeit, copy or colorable imitation of the Rolex Registered Trademarks in connection with the promotion, advertisement, display, sale, offering for sale, manufacture, production, circulation or distribution of any unauthorized products in such fashion as to relate or connect, or tend to relate or connect, such products in any way to Rolex, or to any goods sold, manufactured, sponsored or approved by, or connected with Rolex;

(f)      making any statement or representation whatsoever, or using any false designation of origin or false description, or performing any act, which can or is likely to lead the trade or public, or individual members thereof, to believe that any services provided, products manufactured, distributed, sold or offered for sale, or rented by Defendants are in any way associated or connected with Rolex, or are provided, sold, manufactured, licensed, sponsored, approved or authorized by Rolex;

(g)     engaging in any conduct constituting an infringement of any of the Rolex Registered Trademarks, of Rolex's rights in, or to use or to exploit, said trademark, or constituting any weakening of Rolex's name, reputation and goodwill;

(h)     using or continuing to use the Rolex Registered Trademarks or trade names in any variation thereof on the Internet (either in the text of a website, as a domain name, or as a keyword, search word, metatag, or any part of the description of the site in any submission for registration of any Internet site with a search engine or index) in connection with any goods or services not directly authorized by Rolex;

(i)      hosting or acting as Internet Service Provider for, or operating or engaging in the business of selling any website or other enterprise that offers for sale any products bearing the Rolex Registered Trademarks;

(j)      acquiring, registering, maintaining or controlling any domain names that include the ROLEX trademark or any of the other Rolex Registered Trademarks or any marks confusingly similar thereto, activating any website under said domain names, or selling, transferring, conveying, or assigning any such domain names to any entity other than Rolex;

(k)     using any e-mail addresses to offer for sale any nongenuine products bearing counterfeits of the Rolex Registered Trademarks;

(l)      having any connection whatsoever with any websites that offer for sale any merchandise bearing counterfeits of the Rolex Registered Trademarks;

(m)    secreting, destroying, altering, removing, or otherwise dealing with the unauthorized products or any books or records which contain any information relating to the importing, manufacturing, producing, distributing, circulating, selling, marketing, offering for sale, advertising, promoting, or displaying of all unauthorized products which infringe the Rolex Registered Trademarks; and

(n)     effecting assignments or transfers, forming new entities or associations or utilizing any other device for the purpose of circumventing or otherwise avoiding the prohibitions set forth in subparagraphs (a) through (m).

II.      That Defendants, within ten (10) days of judgment, take all steps necessary to remove from all websites owned, operated or controlled by the Defendants, all text or other media offering for sale any merchandise bearing the Rolex Registered Trademarks, or marks substantially indistinguishable therefrom.

III.     That Defendants, within thirty (30) days of judgment, file and serve Rolex with a sworn statement setting forth in detail the manner and form in which they have complied with this injunction pursuant to 15 U.S.C. § 1116(a).

IV.      That Defendants be required to deliver up for destruction to Rolex all unauthorized materials bearing any of the Rolex Registered Trademarks in association with unauthorized goods or services and the means for production of same pursuant to 15 U.S.C. § 1118.

V.       That Defendants not operate nor use any websites that offer for sale and/or sell any merchandise bearing counterfeits of the Rolex Registered Trademarks.

VI.      Requiring Defendants to pay to Rolex such damages Rolex has sustained as a consequence of their counterfeiting and infringement of the Rolex Registered Trademarks and to account for all gains, profits and advantages derived by Defendants from the sale of their infringing merchandise bearing the Rolex Registered Trademarks, and that the award to Rolex be trebled as provided for under 15 U.S.C. § 1117; alternatively, that Rolex be awarded statutory damages pursuant to 15 U.S.C. § 1117(c) of up to $2,000,000 for each trademark that Defendants have willfully counterfeited and infringed.

VII.     Ordering that Rolex recover the costs of this action, together with reasonable attorneys' and investigators' fees and pre-judgment interest in accordance with 15 U.S.C. § 1117.

VIII.   Directing that this Court retain jurisdiction of this action for the purpose of enabling Rolex to apply to the Court at any time for such further orders and interpretation or execution of any Order entered in this action, for the modification of any such Order, for the enforcement or compliance therewith and for the punishment of any violations thereof.

IX.   Ordering that pursuant to 11 U.S.C. § 523(a)(6), Defendants be prohibited from a discharge under 11 U.S.C. § 727 for malicious, willful and fraudulent injury to Rolex.

X.   Due to the advertising injury caused to Rolex, Defendants be required to deliver to Rolex for destruction, all goods that were being advertised, promoted or offered for sale, as well as any and all catalogs, circulars, or other printed material in their possession or control displaying or promoting the infringing goods that were or are being advertised, promoted, or offered for sale.

XI.   Awarding to Rolex such other and further relief as the Court may deem just and proper, together with the costs and disbursements that Rolex has incurred in connection with this action.

GIBNEY, ANTHONY & FLAHERTY LLP

Dated: November 11, 2014                    By: _____

Brian W. Brokate (BB 5830)
John Macaluso (JM 2058)
Walter-Michael Lee (WL 6353)
Maja Szumarska (MS 0208)
665 Fifth Avenue
New York, New York 10022
Telephone: (212) 688-5151
Facsimile: (212) 688-8315
Attorney for Plaintiff