Brian W. Brokate (BB 5830)
John Macaluso (JM 2058)
Walter-Michael Lee (WL 6353)
Maja Szumarska (MS 0208)
Gibney, Anthony & Flaherty, LLP
665 Fifth Avenue
New York, New York 10022
Telephone: (212) 688-5151
Facsimile: (212) 688-8315
Attorneys for Plaintiff

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| ROLEX WATCH U.S.A., INC., | CASE NO. 14-cv-08973-RWS-RLE |
| Plaintiff, | |
| v. | **DECLARATION OF WALTER-MICHAEL LEE IN SUPPORT OF PLAINTIFF'S MOTION FOR A DEFAULT JUDGMENT AGAINST DEFENDANT** |
| ARMEN HOVANISSIAN, both individually and d/b/a, PLATINUM AFFORDABLE LUXURY d/b/a PLATINUMAFFORDABLELUXURY.COM and "JOHN DOES" 1-10, | |
| Defendants. | |

WALTER-MICHAEL LEE, hereby affirms and states under penalty of perjury as prescribed by 28 U.S.C. § 1746:

1. I am an active member of the bar of the State of New York and a Partner with the law firm of Gibney, Anthony & Flaherty LLP. This declaration is submitted in support of Rolex Watch U.S.A., Inc.'s ("Rolex's") motion for a default judgment against defendant Armen Hovanissian, both individually and d/b/a Platinum Affordable Luxury ("Defendant").

1

2. Defendant was sued for trademark counterfeiting and infringement as a result of his offer for sale and sale of watches bearing infringements of Rolex's federally registered trademarks (the "Rolex Registered Trademarks") over the Internet.

3. It is not believed that Defendant is a minor or is incompetent.

4. Defendant has notice of this motion.

5. This Court has jurisdiction over the federal trademark claims asserted in this action under 15 U.S.C. § 1121, and 28 U.S.C. § 1331 and 28 U.S.C. § 1338.

6. No part of the judgment sought has been paid nor collected.

7. There can be no doubt that Defendant is aware of this action and has willfully failed to appear and defend.

8. On or about July 15, 2014, Rolex's counsel discovered that Defendant was offering, promoting, distributing, offering for sale and selling watches bearing counterfeits and infringements of the Rolex Registered Trademarks through the website, www.craigslist.org ("Craigslist").

9. Defendant listed the infringing watches as "SWISS REPLICA ROLEXES" at $450-$500 per watch, far below the retail price of Rolex Watches ("Craigslist Listings"). The description provided:

> Swiss Automatic Movement
> Exact Weight as Genuine
> Exact Colors and Details as Genuine
> Exact Stampings and Sapphire Crystal Glass as Genuine
> Sweeping Second Hand just like Genuine…Does not tick tick
> Looks just like you are wearing the real thing. 100% High Quality.
>
> Call or Text: 424 226 8472

10. Rolex's counsel forwarded the Craigslist Listings to Investigative Consultants, its private investigator in California ("CA Investigator").

11. Following a purchase by the CA Investigator, Rolex's counsel visited the PAL Website and discovered that Defendants were offering, promoting, distributing, offering for sale and selling numerous watches bearing counterfeits and infringements of the Rolex Registered Trademarks.

12. The PAL Website is registered to Hovanissian at the address 6515 Woodman Avenue, Apt. 10, Van Nuys, CA 91401-1624, with the phone number (818) 433-0068 and e-mail address alh1333@hotmail.com.

13. The watches are listed for sale for $449, far below the retail price of Rolex Watches ("PAL Listings"). These watches were advertised as follows:

> All of our Swiss Rolex Watches are made the highest quality in the market. No other company can compare. Our watches are the only replicas that can be compared side by side with a genuine. Check out our reviews and see for yourself why customers choose us. Why pay thousands of dollars for a genuine, when you can get an exact copy for fraction of the cost.

Copies of the screenshots of the PAL Listings taken on or about August 13, 2014 and on or about November 6, 2014 are attached hereto as **Exhibit 1**. It is clear that these items are not genuine Rolex watches.

14. Subsequently, Rolex's counsel forwarded a link of the PAL Website to MSA Investigations, Inc., its private investigator in New York ("NY Investigator").

15. On or about August 14, 2014, the NY Investigator purchased one (1) watch bearing counterfeits and infringements of the Rolex Registered Trademarks (the "Counterfeit

3

Watch") from the PAL Website. Defendant shipped the Counterfeit Watch to an address located in this district. See Declaration of Michael Mullady.

16. On November 14, 2014, Rolex filed this action [Dkt. 1].

17. On or about November 20, 2014, Defendant was personally served with the Summons and Complaint [Dkt. 3]. Defendant's answer was due on December 11, 2014.

18. Despite being personally served with process, Defendant failed to file an answer or otherwise move in response to the Complaint.

19. Therefore, on December 16, 2014, the Clerk of the Court entered a Default against Defendant [Dkt. 4].

20. Attached hereto as **Exhibit 2** are the fees Rolex incurred from Gibney, Anthony & Flaherty, LLP, including the description of tasks performed during those hours. This firm acts as Rolex's general counsel and was primarily responsible for litigating this matter.

21. I customarily bill $300 an hour for this client. I am a Partner at my firm and dedicate most of my practice to intellectual property litigation. This rate is in line with rates commonly charged and is reasonable for well experienced lawyers specializing in intellectual property litigation. This rate is comparable to those commonly charged in the Southern District of New York.

22. Maja Szumarska was the Associate handling this case and customarily bills $200 an hour for this client. This rate is in line with rates commonly charged and are reasonable for well experienced associates specializing in intellectual property litigation. This rate is comparable to those commonly charged in the Southern District of New York.

23. Tina Ferraioli was the paralegal handling this case and customarily bills $195 an hour for this client. This rate is in line with rates commonly charged and are reasonable for well

4

experienced paralegals specializing in intellectual property litigation. The fees charged by these paralegals are comparable to those commonly charged in the Southern District of New York.

24. The customary hourly rates of Gibney, Anthony & Flaherty, LLP listed on this application were, at the time the services were performed, as follows:

    a. Walter-Michael Lee, Esq. – $300 per hour;

    b. Maja Szumarska, Esq. - $200 per hour; and

    c. Tina Ferraioli - $195 per hour.

25. The number of hours expended by Gibney, Anthony & Flaherty, LLP listed on this application are as follows:

    a. Walter-Michael Lee, Esq. – 6.8 hours;

    b. Maja Szumarska, Esq.- 10.5 hours; and

    c. Tina Ferraioli – 6 hours.

26. The requested attorneys' fees calculated per individual are as follows:

    a. Walter-Michael Lee, Esq. – $2,040.00;

    b. Maja Szumarska, Esq.- $2,100.00; and

    c. Tina Ferraioli - $1,170.00.

27. In addition to the attorneys' fees, this firm incurred costs in the amount of $400 in filing fees and $376.45 in process server fees. Rolex does not request recovery of its additional costs and fees.

28. In total Rolex has incurred the following costs:

5

| Expense | Cost |
|---|---|
| Filing Fees | $400.00 |
| Gibney, Anthony & Flaherty Fees | $5,310.00 |
| Process server fees | $376.45 |
| Total | **$6,086.45** |

29. I certify that I have reviewed the time records and supporting data and that said application for attorneys' fees is well-grounded in fact and justified.

30. No prior request for this relief has been made.

31. Wherefore, it is respectfully requested that Rolex's motion for a default judgment be granted.

Dated: __Feb. 26__, 2015

_____
WALTER-MICHAEL LEE